DE WITT C. HALSTED, Respondent, *v.* JONAS McCHESNEY, Appellant.

A father gave to his married daughter $1,500, to enable her husband to purchase a farm, which was so purchased by him, title being taken in his own name, he also furnishing part of the purchase-money. To secure his wife for the money advanced by her or on her behalf, he executed his bond payable to her with interest for the amount, and delivered the same to her father. Subsequently, upon request of her father to him, he executed a new bond of the same date and for the same amount, but payable to the father instead of to the daughter—his wife—and received and destroyed the first bond.

*Held,* that the last bond, not less than the first, was the property of the wife, the rights secured by it not being transferable except by her own act and deed, and that upon the decease of the wife intestate, the husband, as her administrator, was entitled to the possession of the bond as a part of her personal effects.

*W. A. Beach,* for the respondent.

*David L. Seymour,* for the appellant.

CAMPBELL, J. An arrangement was made by which the plaintiff was to purchase a farm, and, to aid in such purchase, the father of plaintiff was to give to him the sum of one thousand dollars, and the defendant, the father of plaintiff's wife, was to give to her the sum of fifteen hundred dollars, which last mentioned sum was to be considered and treated as an advance to his daughter. The farm was purchased and the money paid according to agreement, and the defendant took from the plaintiff a bond direct to his wife, whereby the plaintiff promised and consented to pay to her the said sum of fifteen hundred dollars and interest thereon. Thus the agreement between all the parties was carried into complete effect. The money had then passed beyond the father's recall. The plaintiff's father had paid the portion which he had agreed to give to his son, the defendant had paid and advanced the portion which he had agreed to give to his daughter, the farm had been purchased, and the money invested

in it for the joint benefit of the husband and wife—the wife's interest being secured by the husband's bond to her, and thus the arrangement was carried into effect, and the agreement between the parties executed. It was a post-nuptial contract. There were good considerations of love and affection on all sides, and the money thus freely given under such an arrangement became as absolutely the property of the daughter as if it was hers by inheritance or by gift from a stranger. The father of the wife could no longer control it, and could not regain title except by some positive act on the part of the daughter—the mere fact that he retained possession of the bond, could give to him no title to the money it was given to secure the payment of to the daughter. When afterwards, on the suggestion to the plaintiff by the defendant that the bond held by the latter was not legal and the collection of it could not be enforced, the plaintiff at once consented to give a new bond, and which was accordingly done, the plaintiff giving to defendant the bond now in controversy, being a bond of same date as the first bond, but made payable to the defendant, and which was to be asssigned to the wife on her request. If the money belonged to the wife, the giving of this new bond did not change or affect the title, except that it may be said to have made the defendant the trustee of an express trust, being a contract made with him in his name for the benefit of his daughter—the plaintiff's wife. The wife died leaving no will, and in her life-time never sold or assigned this bond or the money it was intended to secure. If there was a trust it was then ended. That both she and her father erred as to the law, and supposed that by reason of the bond being given direct to the father, that the same belonged to him and could only become absolutely hers by assignment from him to her, is very probable. What she said was of no avail—she did nothing. The title to the money would not be changed by the expression of her opinion or of her wish that it should go back to her father.

It seems to me very clear that upon the undisputed evidence in this case, this bond belongs to the estate of the

deceased wife, and the husband, as her administrator, is entitled to its possession and control.

If so, this judgment should be affirmed.

DAVIES, J. This action was tried before Mr. Justice GOULD, without a jury, who found the following facts:

1. That the plaintiff is the administrator of his deceased wife, Eliza Halsted, daughter of the defendant.

2. The said Eliza was married to the plaintiff on the 14th of March, 1849, and died on the 16th of December, 1855, leaving, her surviving, an infant daughter.

3. That the plaintiff being about to purchase a farm, the defendant agreed with him to furnish him with the sum of $1,500, to be used in the purchase thereof as an advanced portion to his said daughter, and take the plaintiff's bond therefor.

4. That in pursuance of such agreement the defendant did furnish such sum toward the payment of such farm, and the same was paid thereon, and the plaintiff purchased the said farm and took the title in his own name; and thereupon the plaintiff executed his bond for the payment of the said sum of money to Eliza Halsted, on the 1st day of April, 1854, and on the same day delivered the same to the defendant.

5. That in December, 1854, the original bond, which had always remained in defendant's possession, was delivered up to the plaintiff, Halsted, and destroyed by him; and a new bond, being the instrument described in the complaint, was executed by plaintiff to defendant, and delivered by plaintiff to the defendant with the assent of said Eliza, and the same remained from that time, and still remains, in his, the defendant's, possession.

6. That said Eliza never requested or demanded the assignment of said bond.

7. That after her death and the appointment of the plaintiff as her administrator as aforesaid, the plaintiff, as such administrator as aforesaid, demanded of said defendant the assignment and delivery of the bond, which the

defendant refused to do, and the plaintiff thereupon brought this action. And the judge found as conclusions of law:

1. That the bond in suit was the property of Eliza Halsted, in her life-time.

2. That the plaintiff, as administrator of said Eliza, and as her personal representative, is entitled to the assignment and delivery to him from said defendant of said bond.

3. That the plaintiff, upon the facts proved and found by the court, is, as matter of law, entitled to the judgment demanded in the complaint, which was, that the bond be delivered up to the plaintiff, and be canceled. Judgment was accordingly rendered for the plaintiff, and the same on appeal was affirmed at General Term, except as to the cancellation of said bond, and the defendant now appeals to this court. The plaintiff, as the administrator of the estate of his wife, was entitled, by virtue of his office, to take into his possession and receive all the personal estate belonging to his deceased wife at the time of her decease. As the judgment of the Special Term was modified by that of the General Term, no question is presented in reference to the cancellation of the bond, or as to its future disposition. The only question presented is whether the plaintiff was entitled to take and receive the same. This court is concluded by the facts, as found in the primary tribunal. It is well settled that we cannot review these findings, and therefore our only duty is to ascertain whether the conclusions of law arrived at, founded upon them, are correct. As already observed, the administrator is entitled to take all the personal estate belonging to his wife at the time of her death. (*Patterson* v. *Ellis*, 11 Wend., 259.)

There would therefore seem to be but one fact to be ascertained, and that is, was this bond the property of Mrs. Halsted at the time of her death? This inquiry is answered by the first finding of fact, by the court which tried the action, which is, that the bond in suit was the property of Mrs. Halsted in her life-time. The court was asked to find the converse of this proposition by the counsel for the defendant, and expressly refused so to find. There was an exception to

such finding, but such exception presents no question for the consideration of this court. Neither do the refusals to find certain facts which the defendant's counsel supposed were proven at the trial, and the exceptions to such refusals present questions which this court can or will consider. We gave to this matter a very careful examination in the case of *Cowing* v. *Greene*, decided in this court in December, 1864. And we came to the conclusion that this court could not review either the findings of fact in the primary tribunal, or its refusals to find any facts which either party might claim to be established on the trial. We held that such matters belonged exclusively to the court in which the action was pending, and that, when the record was brought here, questions of that kind could not be raised for our determination. These views dispose of the whole case as made by the appellant, and it is clear that the judgment appealed from must be affirmed, with costs.

All concur.

Judgment affirmed.